UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

BRANDON A. W.,[1]

                                      Plaintiff,        Case # 24-CV-369-FPG

v.                                                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
───────────────────────────────────

## INTRODUCTION

Plaintiff Brandon W. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 11. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In April 2021, Plaintiff protectively applied for DIB benefits with the Social Security Administration ("the SSA"). Tr.[2] 199–203. He alleged disability since March 23, 2021. Tr. 214. The claim was initially denied on August 2, 2021, and upon reconsideration on January 18, 2022. Tr. 17. On March 8, 2023, Administrative Law Judge Joshua Pinkus ("the ALJ") held a hearing.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 3, 4.

1

Tr. 36–72. The ALJ issued a decision finding that Plaintiff was not disabled on March 27, 2023. Tr. 14–35. Plaintiff requested review by the Appeals Council, but the request was denied on February 22, 2024. Tr. 1–6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

I. **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff had severe impairments of coronary artery disease (status-post non-ST elevation myocardial infarction with stenting), obesity, depression, anxiety, and posttraumatic stress disorder ("PTSD"). Tr. 19. At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 20–22.

Next, the ALJ found that Plaintiff had the RFC to perform sedentary work with additional postural, environmental, and nonexertional limitations, including that Plaintiff could have "no interaction with the general public, occasional interaction with co-workers, and frequent interaction with supervisors." Tr. 22. At step four, the ALJ determined that Plaintiff was unable to unable to perform any past relevant work. Tr. 29. At step five, the ALJ found that, given his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 30. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 31.

II. **Analysis**

Plaintiff argues that remand is warranted because the ALJ erred in the RFC determination by finding that Plaintiff could have different levels of interaction with coworkers, supervisors, and the general public. ECF No. 9-1 at 6. The RFC determination states that Plaintiff can have "no interaction with the general public, occasional interaction with co-workers, and frequent interaction with supervisors." Tr. 22. Plaintiff argues that there is no support in the record for

finding different levels of interaction, and that the ALJ provided no explanation for these specific limitations. ECF No. 9-1 at 6. Specifically, Plaintiff argues that the ALJ failed to explain how he determined that Plaintiff could have frequent interaction with supervisors while Plaintiff could have just occasional interaction with co-workers and no interaction with the public. *Id.* 6–7. The Court rejects this argument.

When assessing Plaintiff's limitations with interacting with others, the ALJ considered consultative examiner Dr. Christine Ransom's opinion that Plaintiff would have a mild limitation in his ability to interact adequately with supervisors, co-workers, and the public. Tr. 21. The ALJ also considered state agency reviewing psychiatric consultants Dr. J. May's and Dr. L. Dekeon's opinions that the Plaintiff would have no limitation in this area. Tr. 21. However, the ALJ explained that he found these opinions unpersuasive because they were not supported by the remainder of the evidence. Tr. 28–29. Ultimately, the ALJ concluded that Plaintiff's difficulties with symptoms including irritability and conflict with a neighbor as reported to his mental health providers subsequent to these opinions warranted greater limitations than those assessed by Dr. Ransom, Dr. May, and Dr. Dekeon. Tr. 21. Therefore, the ALJ found that Plaintiff had a moderate limitation in interacting with others. Tr. 21.

For the case to be remanded, Plaintiff must show that any error by the ALJ is harmful. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010). Here, Plaintiff has failed to do so. Plaintiff does not cite to any evidence in the record supporting a more restrictive RFC. Instead, he simply argues that the ALJ did not explain why Plaintiff could have frequent interaction with supervisors as opposed to occasional interaction with coworkers and no interaction with the public. ECF No. 9-1 at 6–7. However, Plaintiff testified at his hearing that he did not have problems dealing with people of authority and he did not have problems taking directions or instructions from others. Tr.

5

54. Further, the ALJ explained that he assessed greater limitations than the opinion evidence warranted due to Plaintiff's reports of irritability and conflict with neighbors, and Plaintiff does not contend that any of the relevant medical opinions support greater RFC limitations than the ALJ determined for Plaintiff.

As such, even if Plaintiff's argument about the RFC determination were correct, any error is harmless because Plaintiff received greater limitations in his RFC, which ultimately benefited his claim. *See Baker v. Berryhill*, No. 15-CV-00943, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018) ("[R]emand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record."); *Jiminez v. Colvin*, No. 16-CV-6350, 2018 WL 459301, at *3 (W.D.N.Y. Jan. 18, 2018) (holding that an ALJ erred by finding that a plaintiff could have no contact with the public as opposed to occasional contact with coworkers and supervisors, but that the error was harmless because it incorporated greater limitations than supported by the record). Consequently, the Court concludes that remand is not warranted on this ground.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 20, 2025
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York